# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Dr. Felix Guzman Rivadeneira, on behalf of the thousands of federal detainees and their families here in United States of America and all over the world, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| Department of Homeland Security (D.H.S.), et. al., | ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Case No. 1:15-cv-079

Plaintiff is incarcerated at the McHenry County Correctional Facility in Woodstock, Illinois. He initiated this putative class action *pro se* with the submission of an application to proceed *in forma pauperis* and complaint on June 30, 2015. He asserts that the conditions of confinement for immigration detainees throughout the United States do not meet constitutional minimums. He names as defendants the Department of Homeland Security, the Department of Immigration and Customs Enforcement, the United States Attorney General, the Chief Operator of the Detention Operation Manual, all wardens of jails and detention centers that contract with the federal government to house immigration detainees, all immigration service processing centers, all contract detention facilities, and all intergovernmental service agreement facilities.

Plaintiff has filed identical complaints in other federal district courts. See e.g., Rivadeneira v. Dept. of Homeland Sec., No. 15-12317, 2015 WL 4111452, at * 1 (D. Mass. July 8, 2015) (estimating that Rivadeneria had filed the same complaint in approximately sixty federal district

1

courts). "Federal courts have broad discretion to manage and control the litigation before them, see, e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), and duplicate filings like this one are a waste of judicial resources." Id. "To promote judicial economy and protect parties from vexatious and expensive litigation, a federal court may dismiss a suit when it is duplicative of a suit already pending in another federal court." Id. (citing Lea v. United States, 120 Fed. Cl. 440, 446 (2015); McReynolds v. Merrill Lynch & Co., Inc., 694 F.3d 873, 888–89 (7th Cir. 2012); Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)).

Moreover, North Dakota is not the proper venue for this action. 28 U.S.C. § 1391 provides in relevant part that a civil action may be venued in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 US.C. § 1391(b). In determining venue in a putative class action, courts look only to the allegations pertaining to the named representative, which in this case is the plaintiff See e.g., Murdoch v. Rosenberg & Assoc., LLC, 875 F. Supp.2d 6 (D.D.C. 2012) (opining that the "law is clear that in determining whether venue for a putative class action is proper, courts are to look only at the allegations pertaining to the named representatives." (internal quotation marks omitted)). Plaintiff is confined at a correctional facility in Woodstock, Illinois. Consequently, North Dakota is not the proper venue to bring his action. See Rumsfeld v. Padilla, 542 U.S. 426, 465 n. 7 (2004);

Moss v. Chrones, 241 Fed. App'x. 461, 461–462 (10th Cir.2007) ("[A] district court may ... dismiss under § 1915 ... for improper venue regardless of whether the defendants raise the issue as an affirmative defense." (internal quotation mark omitted)).

The undersigned **RECOMMENDS** that plaintiff's application to proceed *in forma pauperis* (Docket No. 2) be **DENIED** and the above-entitled action be **DISMISSED**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 24th day of July, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court